**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Karen CORICHI, Defendant–Appellant.**

### No. 99CA0434.

Colorado Court of Appeals, Div. V.

July 20, 2000.

Rehearing Denied Aug. 17, 2000.

Certiorari Denied March 5, 2001.

Ken Salazar, Attorney General, Cynthia A. Greenfield, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

E. Ronald Beeks, Evergreen, Colorado, for Defendant–Appellant.

Opinion by Judge CASEBOLT.

Defendant, Karen Corichi, appeals the order denying her Crim. P. 35(c) motion for post-conviction relief. We affirm.

As pertinent here, the prosecution charged defendant with one count of sexual assault on a child by a person in a position of trust and sexual assault on a child as part of a pattern of abuse.

On the sixth day of a nine-day jury trial, defense counsel informed the court of his belief that defendant had become incompetent to proceed. He stated that defendant's husband, a co-defendant, had informed him that she had been up all night trying to contact various parties in an attempt to establish that a conspiracy existed and that defense counsel was part of it. Defense counsel indicated that defendant had informed him that she would no longer communicate with him.

Defense counsel also stated that, up until that time, his relationship with defendant had been a good one, she had a keen grasp of the evidence, and she had been assisting in her own defense.

After hearing the prosecution's response, which included citation to pertinent case law, the trial court made a preliminary finding that defendant was competent to proceed. The court noted that defendant's comments the preceding day when she had asked for a new attorney had been responsive and rational and that there was no indication that she was not competent to proceed. The court did, however, state that it would schedule a competency hearing to be held upon conclusion of the trial. Defense counsel approved this proposal.

The jury convicted defendant of the charged offenses. Approximately fifteen months later, a different judge conducted a post-trial competency hearing at which he determined defendant had been competent during trial.

A division of this court affirmed defendant's conviction on direct appeal. *People v. Corichi*, (Colo.App. No. 96CA0469, Oct. 23, 1997) (not selected for official publication). She then filed, *pro se*, the post-conviction motion at issue here.

In that motion, defendant asserted that: (1) the court had erred in finding her competent during trial; (2) the trial court had

violated her right of cross-examination when it allowed the victim to testify to certain acts; (3) the trial court had committed reversible error when expert testimony concerning the victim's behavior and statements was not subjected to the correct test for admissibility; and (4) there had been recent scientific findings regarding the reliability of minors' claims of sexual abuse and the significance of recantations of such claims, which findings constituted newly discovered evidence. The Crim. P. 35(c) court denied defendant's motion without a hearing and this appeal followed.

### I.

■ As a preliminary matter, we reject the People's contention that we should not consider defendant's claim of incompetency because she failed to raise it on direct appeal.

Crim. P. 35(c)(2)(I) provides that every person convicted of a crime is entitled as a matter of right to apply for postconviction review where there is a claim that the conviction was obtained in violation of the federal or state constitution.

■ A defendant may raise issues of constitutional error in the initial postconviction motion although the same issues could have been effectively raised on direct appeal. *See People v. Rodriguez,* 914 P.2d 230 (Colo. 1996).

■ A defendant is entitled to judicial review of a Crim. P. 35 motion as long as the motion states a claim cognizable under that rule and the claim has not been fully and finally resolved in a prior judicial proceeding. *White v. Denver District Court,* 766 P.2d 632 (Colo.1988). The fact that a defendant did not raise a constitutional claim on direct appeal does not preclude him or her either from raising the claims in a Crim. P. 35(c) motion or from seeking appellate review of the trial court's denial of the motion. *People v. Diaz,* 985 P.2d 83 (Colo.App.1999).

■ Whether a person is competent to proceed presents a constitutional issue. *Jones v. District Court,* 617 P.2d 803 (Colo. 1980).

Here, defendant raised the issue of her competency in her first and only postconviction motion. Accordingly, we will address her contentions upon their merits.

### II.

■ Defendant first contends the trial court violated her right to due process when it postponed a hearing on her competency until fifteen months following trial. We disagree.

A person is incompetent to stand trial when such person "is suffering from a mental disease or defect which renders [her] incapable of understanding the nature and course of the proceedings against [her] or of participating or assisting in [her] defense or cooperating with [her] defense counsel." Section 16–8–102(3), C.R.S.1999.

■ Putting an accused on trial while he or she is incompetent violates due process of law. *Drope v. Missouri,* 420 U.S. 162, 95 S.Ct. 896, 43 L.Ed.2d 103 (1975); *Jones v. District Court, supra.* See § 16–8–110(1)(b), C.R.S.1999 (no person shall be tried if he or she is incompetent to proceed).

■ Similarly, due process is violated when a trial court refuses to accord an accused an adequate hearing concerning his or her competency. *Pate v. Robinson,* 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966); *Jones v. District Court, supra.*

■ These principles are so basic to the concept of fundamental fairness that a claim of incompetence to stand trial on the issue of guilt cannot be waived. *Drope v. Missouri, supra ; Jones v. District Court, supra.* In short, an incompetent person cannot be tried until that condition has abated. *Parks v. Denver District Court,* 180 Colo. 202, 503 P.2d 1029 (1972).

When the question of a defendant's competency is raised, the court must make a preliminary finding whether the defendant is competent to proceed. After making the preliminary finding, the court must immediately notify defense counsel and the prosecuting attorney of the preliminary finding. If neither the prosecuting attorney nor defense counsel submits a written request for a

competency hearing, the court's preliminary determination becomes final. Section 16–8–111(1), C.R.S.1999.

When a timely request for a hearing is made, the court must hold a hearing and may commit the defendant for a competency examination prior to the hearing if adequate psychiatric information is not already available. At the conclusion of the hearing, the court must make a final determination. Section 16–8–111(2), C.R.S.1999.

Defendant relies upon *People v. Matthews*, 662 P.2d 1108 (Colo.App.1983) to support her contention that holding the competency hearing post-trial violated her right to due process. In that case, a division of this court held that there had been a violation of the defendant's due process rights when the trial court denied a hearing on the defendant's competency. The division, relying upon *Pate v. Robinson, supra*, also stated in dictum that a post-trial determination of a defendant's mental competency during trial does not cure a due process violation.

In *Pate v. Robinson, supra*, the Supreme Court stated that holding a retrospective hearing six years after trial would aggravate the difficulties in determining competency, and would undermine the need for a contemporaneous determination of competency. Accordingly, it held that no retrospective hearing could be conducted in that case. The Court did not, however, rule that retrospective hearings may not be held where such hearings are feasible, and has never so held despite the opportunity to do so in subsequent cases. *See Bryan v. State*, 935 P.2d 338 (Okl.Cr.App.1997).

■ Although retrospective competency hearings are disfavored, they are permissible whenever a court can conduct a meaningful hearing. A meaningful post-trial competency determination is possible when the state of the record, together with additional evidence as may be relevant and available, permits an accurate assessment of the defendant's mental competency at the time of the trial. *Reynolds v. Norris*, 86 F.3d 796 (8th Cir. 1996).

■ In determining whether a meaningful hearing can be held, a court should consider: (1) the passage of time, (2) the availability of contemporaneous medical evidence, including medical records and prior competency determinations, (3) defendant's statements in the trial record, and (4) the availability of individuals and witnesses who interacted with the defendant before and during trial, including the trial judge, both counsel, and jail officials. *Clayton v. Gibson*, 199 F.3d 1162 (10th Cir.1999).

■ We agree with the rationale of these cases and, accordingly, hold that, when a court can conduct a meaningful hearing retrospectively to evaluate the competency of a defendant, such competency hearings do not violate due process principles. Nor do we read *Jones v. District Court, supra*, or *People v. Matthews, supra*, to require that a competency hearing be held immediately when the issue of competency is raised during the trial.

Generally, it is true that the determination of whether there is sufficient evidence to render a retrospective hearing meaningful must be made before the actual hearing. *See Bryan v. Oklahoma, supra*. Here, no such preliminary determination was made. Nevertheless, the record before us includes the evidence and testimony that was presented both at trial and at the competency hearing. Hence, we can independently ascertain whether the competency determination was meaningful, and we therefore need not remand for further findings.

■ Here, the hearing began approximately fifteen months after defendant's conviction. However, a mere lapse of time between trial and a competency hearing does not invalidate the findings made as a result of that hearing. *Barefield v. New Mexico*, 434 F.2d 307 (10th Cir.1970). Moreover, a fifteen-month passage of time is relatively short in the context of retrospective competency determinations. *See Clayton v. Gibson, supra* (meaningful competency hearing held after six years); *Rhode v. Olk–Long*, 84 F.3d 284 (8th Cir.1996) (competency hearing held two and one-half years after trial was meaningful and constitutional); *Bruce v. Estelle*, 536 F.2d 1051 (5th Cir.1976) (nine-year

gap did not vitiate opportunity for meaningful competency hearing).

As to the availability of medical evidence, we find none contemporaneous with the trial. However, the chief psychiatrist for the Colorado Mental Health Institute performed a competency evaluation of defendant two months after trial and thereafter issued a report opining that defendant was competent to proceed with sentencing.

In an addendum written several months following the trial and after reviewing the transcript of portions of the trial, the psychiatrist expressed the opinion that, although it was possible that defendant had suffered from paranoid delusions for less than twenty-four hours during trial, she was legally competent to proceed at the time of her trial.

The psychiatrist also testified at the competency hearing that, from his review of trial transcripts, there was no evidence of a psychotic condition, the paranoia defendant had exhibited at trial was "low-level," and it did not impair her ability to communicate or to understand the proceedings.

A second psychiatrist, who had interviewed defendant for two hours approximately six months before the competency hearing, also testified. He opined that, based on his interview, there was probably some degree of impairment at trial. He also testified, however, that defendant's responses to the trial court, and her consultation with another attorney during trial, were rational and appropriate.

A third psychiatrist, one retained by the defendant, examined her six months before the competency hearing. This expert testified that defendant was competent until the sixth day of trial, at which time she became delusional. The psychiatrist opined that defendant's paranoid delusional thinking on the sixth day of trial overcame her understanding of the nature of the legal proceedings.

As to individuals and trial witnesses who were in a position to interact with the defendant before and during trial, the lead detective in the investigation of the charged crimes testified at the hearing. He stated that, during trial, he had observed defendant actively cooperating with her counsel during the first week, and conversing with her counsel during the second week. He testified that he saw defendant take notes during trial and did not feel she was out of control in front of the jury, or irrational in her responses to the trial court. Further, he indicated that defendant had behaved the same way at trial as she had during his prior encounters with her.

The other witness at the competency hearing was defense counsel, who testified to his observations of defendant at trial. He stated that during the twenty to thirty hours before trial, and during the first week of trial, defendant was an active participant in trial preparation. However, from the sixth day of trial until its end, defendant ceased communications with him, and gave him no assistance in examining the witnesses. Nevertheless, defense counsel also testified that, during the second week of trial, defendant's odd conduct "tapered off," and she became very withdrawn, made no outbursts before the jury, and appeared fatigued.

We note, additionally, that the trial judge's preliminary finding of competency and observations of defendant at trial were available in the trial court record for review at the competency hearing, which was held before a different judge. Further, the trial prosecutor was also available to testify.

In addition, the record contains statements defendant made to the court during the fifth and sixth days of trial, which provide some evidence that would be relevant to a competency determination.

Based on the competency evaluations, defendant's statements on the trial record, and the availability of witnesses who interacted with defendant before and during trial, we conclude there was sufficient evidence to permit an accurate assessment of defendant's mental condition at the time of her trial and, thus, to render the hearing meaningful. Accordingly, the trial court did not violate defendant's due process rights when it postponed the competency hearing and proceeded finally to determine the competency issue fifteen months following trial.

In view of this determination, we need not address the People's contention that defendant waived any objection to holding the hearing post-trial.

### III.

Defendant next contends the competency court's finding that she was competent during trial is self-contradictory and against the weight of the evidence. Again, we disagree.

The burden of submitting evidence and the burden to prove that a defendant is incompetent lie upon the party asserting incompetence. Section 16–8–111(2), C.R.S.1999.

Whether a defendant is competent presents an issue of fact. *See People v. Wood,* 844 P.2d 1299 (Colo.App.1992). If the court's findings are adequately supported by evidence in the record, we will not disturb them. *See People v. Gennings,* 808 P.2d 839 (Colo.1991); *People v. Gray,* 975 P.2d 1124 (Colo.App.1997).

Here, at the conclusion of the competency hearing, the court found that, although it was likely that a brief delusional episode had occurred on the sixth and seventh day of trial, defendant had failed to prove by a preponderance of the evidence that she either suffered from a mental disease or defect at trial which rendered her incapable of understanding the nature and course of the proceedings against her, or made her incapable of participating or assisting in her defense or cooperating with defense counsel.

Because there is evidence in the record to support the court's determination, as set forth above, we reject defendant's contention.

For these reasons, the Crim. P. 35(c) court did not err in denying defendant's post-conviction motion without holding a hearing, and its failure to make findings of fact and conclusions of law is harmless. *See People v. Hartkemeyer,* 843 P.2d 92 (Colo.App.1992) (although court did not make findings and conclusions as required by Crim. P. 35(c), failure to do so was harmless where record showed defendant was not entitled to relief).

The order is affirmed.

Judge RULAND and Judge VOGT concur.