22CA1129 Peo v Cochran 07-11-2024 COLORADO COURT OF APPEALS Court of Appeals No. 22CA1129 El Paso County District Court No. 19CR4511 Honorable Eric Bentley, Judge The People of the State of Colorado, Plaintiff-Appellee, v. Micheal Robert Cochran, Defendant-Appellant. JUDGMENT AND ORDER REVERSED, AND CASE REMANDED WITH DIRECTIONS Division III Opinion by JUDGE DAVIDSON* Yun and Moultrie, JJ., concur NOT PUBLISHED PURSUANT TO C.A.R. 35(e) Announced July 11, 2024 Philip J. Weiser, Attorney General, Josiah Beamish, Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee Megan A. Ring, Colorado State Public Defender, Katherine Brien, Deputy State Public Defender, Denver, Colorado, for Defendant-Appellant *Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24-51-1105, C.R.S. 2023. 
 1 ¶ 1 Defendant, Micheal Robert Cochran, appeals the district court’s order finding him competent to proceed as well as the subsequent judgment that was entered based on the court’s acceptance of his guilty plea to one count of sexual assault. Because the court misallocated the burden of proof at the restoration to competency hearing, and because the question of Cochran’s competency was “a close call,” we reverse the order finding Cochran competent to proceed and remand the case with directions. And because reversal of the court’s finding of competency leaves a previous finding of incompetency intact, we must also reverse the subsequent judgment of conviction and sentence. I. Background ¶ 2 For sexually assaulting his granddaughter as well as several “at-risk persons,” Cochran was charged with two counts of sexual assault, one count of indecent exposure, one count of sexual assault on a child, one count of incest, one count of attempted sexual assault, and one count of unlawful sexual contact. ¶ 3 Soon after being appointed to represent Cochran, defense counsel raised competency under section 16-8.5-102, C.R.S. 2021. 
 2 A competency evaluation performed in September 2020 concluded that Cochran was competent to proceed. ¶ 4 Defense counsel immediately objected to the September 2020 competency finding and requested another competency evaluation. A second competency evaluation performed in June 2021 by Dr. Jane Wells concluded that Cochran was not competent to proceed. ¶ 5 The prosecution didn’t object to this finding of incompetency. After finding that Cochran was not competent to proceed, the court ordered restoration services. ¶ 6 Dr. Naoko Hashimoto evaluated Cochran for restoration services in September 2021 and concluded that Cochran was competent to proceed. ¶ 7 Defense counsel objected to this finding and requested another evaluation. The prosecution objected to another competency evaluation and instead asked the court to set a hearing under section 16-8.5-113(6), C.R.S. 2021. ¶ 8 The court denied Cochran’s request for another competency evaluation, construed Dr. Hashimoto’s competency finding as a “restoration finding,” and granted the prosecution’s request for a hearing. 
 3 ¶ 9 On December 10, 2021, the court held the restoration to competency hearing. Defense counsel called Dr. Wells and Cochran’s daughter-in-law, and the prosecution called Dr. Hashimoto. ¶ 10 After taking its ruling under advisement, the district court found the “defense has not met [its] burden in argument as to competency” and found Cochran competent to proceed. Defense counsel objected to the court’s finding. ¶ 11 The parties then reached a plea agreement. Cochran pleaded guilty to one added count of sexual assault and the remaining charges were dismissed. At the time of Cochran’s guilty plea, defense counsel maintained his objection to the court’s competency finding. ¶ 12 A few months later, the court sentenced Cochran to three years to life in the custody of the Department of Corrections, followed by a minimum of ten years of parole. At the time of sentencing, defense counsel maintained his objection to the court’s competency finding. ¶ 13 Now Cochran asks us to reverse the district court’s competency order because the court misallocated the burden of 
 4 proof at the hearing. The People agree that defense counsel didn’t bear the burden of proof at the restoration to competency hearing. But the People contend Cochran’s appellate contention isn’t reviewable for a few reasons. After addressing and rejecting these arguments, we explain why this error requires reversal. II. Cochran’s Claim is Reviewable A. Additional Background ¶ 14 When the prosecution objected to defense counsel’s request for what would have been the fourth competency evaluation in this case, the prosecution asked for a hearing under section 16-8.5-113, C.R.S. 2021. In its motion, the prosecution stated, “At the hearing, the burden of submitting evidence and the burden of proof by a preponderance of the evidence, shall be upon the party asserting that the defendant is competent.” To be sure, at the hearing, the prosecution would be asserting that Cochran was competent — not defense counsel. ¶ 15 But a few months later, at the beginning of the scheduled hearing, defense counsel stated, “It’s my understanding it’s my burden. I’m the one challenging the most recent report. Then I 
 5 believe [the prosecution] and at her discretion could call her own witnesses if she felt so inclined.” ¶ 16 Defense counsel then called Dr. Wells. The prosecution called Dr. Hashimoto. And finally, defense counsel called Cochran’s daughter-in-law. ¶ 17 Following the hearing, when the court ruled that Cochran was competent, it stated, “As everybody knows, you’re under the statute in [section] 16-8.5-103(7)[, C.R.S. 2021], the party asserting incompetency has the burden to prove that by a preponderance of the evidence.” The court found “it to be a close call” but “ultimately” found “that the defense has not met the burden to demonstrate that Mr. Cochran is incompetent to proceed as defined in the statute.” B. Invited Error ¶ 18 First, the People contend this issue isn’t reviewable under the invited error doctrine. Specifically, they assert that “[b]y assuming the burden of proof through repeated, intentional conduct, Defendant injected the raised error into the case.” ¶ 19 Whether the invited error doctrine applies is an issue we review de novo. People v. Becker, 2014 COA 36, ¶ 20. 
 6 ¶ 20 Invited error is a “narrow doctrine” that doesn’t apply to “errors that result from oversight.” People v. Rediger, 2018 CO 32, ¶ 34. According to Rediger’s view of invited error, to bar review, counsel must affirmatively inject a matter into a case as a matter of “strategy.” Id. ¶ 21 From our review of the record, we aren’t convinced that defense counsel’s erroneous assumption of the burden of proof at the restoration to competency hearing was strategic. To the contrary, it seems defense counsel and the court were both mistakenly tracking the wrong statute. Compare § 16-8.5-103(7), C.R.S. 2021 (procedures for “[d]etermination of competency to proceed”), with § 16-8.5-113(6), C.R.S. 2021 (procedures for “[r]estoration to competency”). ¶ 22 Specifically, once a defendant has been found incompetent to proceed under section 16-8.5-103, the procedures the court must follow are set out in section 16-8.5-113. Under section 16-8.5-
103(7), “[T]he party asserting the incompetency of the defendant shall have the burden of submitting evidence and the burden of proof by a preponderance of the evidence.” But under section 16-
8.5-113(6), “[T]he burden of submitting evidence and the burden of 
 7 proof by a preponderance of the evidence shall be upon the party asserting that the defendant is competent.” Because the court, in granting the prosecution’s motion for a hearing, construed Dr. Hashimoto’s competency finding as a restoration finding, section 113 applied — not section 103. To us, this record suggests that defense counsel’s reliance on subsection 103(7) instead of subsection 113(6) resulted from oversight, not intent or strategy. ¶ 23 Accordingly, we conclude the doctrine of invited error doesn’t bar appellate review of Cochran’s claim. C. Waiver ¶ 24 Alternatively, the People argue that Cochran “waived any statutory right to hold the prosecution to [its] burden under section 16-8.5-113(6).” ¶ 25 “We review de novo whether a claim is waived or forfeited.” People v. Garcia, 2024 CO 41, ¶ 29. ¶ 26 Waiver is the intentional relinquishment of a known right or privilege. Id.; Rediger, ¶ 39. In other words, waiver requires intent, and the existence and validity of a waiver is fact-dependent, ultimately requiring consideration of the totality of circumstances. Garcia, ¶ 29. For the same reasons we can’t conclude that the 
 8 doctrine of invited error bars review of Cochran’s appellate contention, we can’t conclude defense counsel knew he didn’t have the burden of proof at the restoration to competency hearing. ¶ 27 Thus, indulging every reasonable presumption against waiver as we must, see id., we conclude that defense counsel’s failure to make a timely assertion of Cochran’s statutory right to have the prosecution take on the burden of proof at the restoration to competency hearing wasn’t intentional. Defense counsel’s inadvertent reliance on the wrong statutory section constitutes a forfeiture, which doesn’t bar appellate review. See Rediger, ¶ 40. D. Standard of Review ¶ 28 Accordingly, discerning no waiver, we review Cochran’s contention for plain error. Id. (“[T]his court may review a forfeited error under the plain error standard.”); accord Crim. P. 52(b) (“Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court.”). An error is plain if it is obvious and substantial and so undermines the fundamental fairness of the trial itself as to cast serious doubt on the reliability of the judgment of conviction. Rediger, ¶ 48; see also People v. Miller, 113 P.3d 743, 749 (Colo. 2005) (even some 
 9 unpreserved constitutional errors are reviewed under the plain error standard). ¶ 29 Whether the court applied the correct burden of proof is a question of law. Freedom Colo. Info., Inc. v. El Paso Cnty. Sheriff’s Dep’t, 196 P.3d 892, 897-98 (Colo. 2008). III. The Error Was Plain ¶ 30 The parties agree that at the restoration to competency hearing it was the prosecution’s burden to prove by a preponderance of the evidence that Cochran was competent to proceed. § 16-8.5-113(6), C.R.S. 2021. And the parties agree that the court didn’t follow this statutory procedure. We also agree. See People v. Zimmer, 2021 COA 40, ¶ 23 (reviewing whether a court followed the appropriate competency procedures de novo); see also People v. Wingfield, 2014 COA 173, ¶ 27. ¶ 31 The People nonetheless argue that “regardless of which party bore the burden of proof by a preponderance of the evidence, the district court’s final competency determination was well-supported and fundamentally fair.” True, we won’t overturn a trial court’s determination where “the trial court reache[d] the correct result” but it was “premised upon an incorrect analysis.” People v. 
 10 Jenkins, 768 P.2d 727, 730 (Colo. App. 1988) (citing People v. Baca, 193 Colo. 9, 15, 562 P.2d 411, 415 (1977)). But to get there we must first address whether the alleged error was “obvious,” and then we must address whether the alleged error was “substantial.” Hagos v. People, 2012 CO 63, ¶¶ 14, 22. ¶ 32 An alleged error is obvious if it contravenes (1) a clear statutory command; (2) a well-settled legal principle; or (3) Colorado case law. People v. Delgado, 2019 CO 82, ¶ 33; People v. Burdette, 2024 COA 38, ¶ 32. An error is substantial if it so undermines the fundamental fairness of the trial as to cast serious doubt on the reliability of the judgment of conviction. Hagos, ¶ 14; People v. Shannon, 2024 COA 41, ¶ 37. ¶ 33 First, the court’s misallocation of the burden of proof at the restoration to competency hearing was obvious. See People v. Mondragon, 217 P.3d 936, 939-40 (Colo. App. 2009) (the court misapplied the law when it imposed the wrong legal standard at a competency hearing under section 16-8.5-103(7)). ¶ 34 Second, in this case, the court’s misallocation of the burden of proof at the restoration to competency hearing was substantial. Cf. Zimmer, ¶¶ 39-42 (the court’s failure to comply with competency 
 11 procedures wasn’t harmless beyond a reasonable doubt); People v. Presson, 2013 COA 120M, ¶ 22 (the court’s failure to order statutorily required competency evaluation was not harmless beyond a reasonable doubt because evidence that defendant was competent was not overwhelming). The court found both experts “credible,” “well-qualified,” and “persuasive.” What’s more, the court found that this was a “close call.” And the court referenced defense counsel’s burden three times in its relatively short order. ¶ 35 On this record, we can’t conclude that if the court had properly placed the burden on the prosecution to prove that Cochran was competent, the outcome would have been the same. Cf. Atl. & Pac. Ins. Co. v. Barnes, 666 P.2d 163, 165 (Colo. App. 1983) (the court commits reversible error if it allocates the burden of proof to the wrong party and the evidence is conflicting); Kim v. Grover C. Coors Tr., 179 P.3d 86, 90 (Colo. App. 2007) (error in misallocating the burden of proof was harmless where trial court stated that the defendants would prevail regardless of which party bore the burden of proof). Under C.A.R. 35(c), “[t]he appellate court may disregard any error or defect not affecting the substantial rights of the parties.” But here, we can’t say that the court’s 
 12 misallocation of the burden of proof at the restoration to competency hearing didn’t affect Cochran’s substantial rights. See Rediger, ¶ 48. ¶ 36 Because the error was obvious and substantial, we conclude that the court plainly erred by misallocating the burden of proof at the restoration to competency hearing. IV. Remedy and Remand ¶ 37 Turning now to the question of remedy, see Rediger, ¶ 54, the People agree with Cochran, as do we, that if there was reversible error, then the proper remedy is to remand the case to the district court to determine if Cochran was restored to competency, with the prosecution having the burden to prove competency by a preponderance of the evidence. ¶ 38 On remand, the court must initially determine whether it is feasible to conduct a retrospective restoration to competency hearing. See People v. Corichi, 18 P.3d 807, 811 (Colo. App. 2000); see also Zimmer, ¶¶ 43-45. ¶ 39 In making this determination, the court should consider (1) the passage of time, (2) the availability of contemporaneous medical evidence, including medical records and prior competency 
 13 determinations, (3) defendant’s statements in the trial record, and (4) the availability of individuals and witnesses who interacted with the defendant before and during [the providency and sentencing hearings], including the trial judge, both counsel, and jail officials. Corichi, 18 P.3d at 811. ¶ 40 If the court first determines that a retrospective competency hearing is feasible, and second, based on the retrospective evaluation and any other evidence presented, the court determines that Cochran was competent at the time of his plea and sentencing, then the court shall reinstate the original plea agreement and sentence subject to Cochran’s right to appeal. See Zimmer, ¶ 45. ¶ 41 If, on the other hand, the court first determines that a retrospective competency hearing is feasible, but second, based on the retrospective evaluation and any other evidence presented, the court determines that Cochran was incompetent at the time of his plea and sentencing, then the court shall proceed in a manner consistent with the competency procedure statutes. Similarly, if the court determines a retrospective competency hearing is not feasible, then the court shall proceed in a manner consistent with the competency procedure statutes. 
 14 ¶ 42 In the meantime, because we are reversing the court’s order finding Cochran competent, and because due process prohibits the district court from accepting a guilty plea from and sentencing an incompetent defendant, we must reverse the judgment of conviction and sentence. See § 16-8.5-102(1), C.R.S. 2021; see also Wingfield, ¶ 32. V. Disposition ¶ 43 The court’s competency order is reversed, the judgment of conviction and sentence are reversed, and the case is remanded with directions. JUDGE YUN and JUDGE MOULTRIE concur.