24CA0958 Peo v Moreno 10-23-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 24CA0958
City and County of Denver District Court No. 17CR1070
Honorable A. Bruce Jones, Judge

---

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Joseph A. Moreno,

Defendant-Appellant.

---

ORDER AFFIRMED

Division VII
Opinion by JUDGE LUM
Tow and Moultrie, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced October 23, 2025

---

Philip J. Weiser, Attorney General, Brittany Limes Zehner, Senior Assistant
Attorney General and Assistant Solicitor General, Denver, Colorado, for
Plaintiff-Appellee

Joseph A. Moreno, Pro Se

¶ 1     Defendant, Joseph A. Moreno, appeals the district court's order denying his Crim. P. 35(c) postconviction motion without a hearing.  We affirm.

## I.     Background

¶ 2     Moreno broke into a home in a residential neighborhood, eventually exiting into an adjacent alley.  Mary and Craig Sandoval lived in the house next door.  The Sandovals saw Moreno heading toward a box truck that had pulled into the alley, and Moreno confronted them.  He shot Mr. Sandoval, pointed a sawed-off shotgun with a knife taped to the end at Ms. Sandoval, and fled in the box truck.

¶ 3     Police officers identified the box truck through surveillance video and learned that it was registered to Moreno.  When they located the truck, it was being driven by Jessica Hobbs, Moreno's girlfriend.  Eventually, the police arrested Moreno, and a jury convicted him of first degree burglary, first degree assault, and menacing.  The trial court sentenced Moreno to forty-two years in prison.  A division of this court affirmed the convictions on direct appeal.  *People v. Moreno*, (Colo. App. No. 18CA0123, Oct. 22, 2020) (not published pursuant to C.A.R. 35(e)).

¶ 4    Moreno moved for postconviction relief under Rule 35(c).  As relevant here, he asserted that his trial counsel was ineffective because counsel (1) had a conflict of interest and (2) failed to investigate and interview a witness.  He also asserted that trial counsel's errors cumulatively resulted in ineffective assistance of counsel.[1]  The postconviction court issued a thorough written order denying Moreno's motion.

¶ 5    Morneno appeals.  He contends that the postconviction court erred by denying his claims for ineffective assistance and cumulative error without a hearing and without appointing postconviction counsel.  He also alleges for the first time that trial counsel provided ineffective assistance by failing to advise him of certain penalties applicable to his sentence.

---

[1] In his postconviction motion, Moreno also asserted that counsel was ineffective for failing to review discovery and adequately cross-examine witnesses.  He additionally argued that he was entitled to a new trial because there was new evidence related to one of the trial witnesses.  Because he doesn't raise these issues on appeal, they are abandoned.  *See People v. Hunsaker*, 2020 COA 48, ¶ 10, *aff'd*, 2021 CO 83; *People v. Rodriguez*, 914 P.2d 230, 249 (Colo. 1996).

## II.    Standard of Review and Generally Applicable Law

¶ 6    We review de novo a court's decision to deny postconviction claims without a hearing.  *People v. Lopez*, 2015 COA 45, ¶ 68.  A court can deny a defendant's postconviction motion without holding a hearing or appointing counsel if the defendant's allegations are bare and conclusory; if the allegations, even if proven true, would not warrant postconviction relief; or if the record directly refutes the defendant's claims.  *See* Crim. P. 35(c)(3)(IV); *People v. Phipps*, 2016 COA 190M, ¶ 19; *see also People v. Osorio*, 170 P.3d 796, 801-02 (Colo. App. 2007) (upholding denial of defendant's motion without hearing or appointment of counsel because allegations were conclusory or refuted by record).  And subject to exceptions inapplicable here, a court must deny a postconviction claim as successive if the claim could have been raised in a prior appeal or postconviction proceeding.  *See* Crim. P. 35(c)(3)(VI)-(VII); *People v. Rodriguez*, 914 P.2d 230, 249 (Colo. 1996).

¶ 7    The United States and Colorado Constitutions guarantee criminal defendants the right to the effective assistance of counsel. U.S. Const. amends. VI, XIV; Colo. Const. art. II, § 16.  Under Rule 35(c), a defendant may bring a postconviction claim for ineffective

assistance. *See Dunlap v. People*, 173 P.3d 1054, 1062 (Colo. 2007). "To prevail on a claim of ineffective assistance, a defendant must show that (1) counsel performed deficiently and (2) prejudice resulted from the deficient performance." *People v. Thompson*, 2020 COA 117, ¶ 50; *see Strickland v. Washington*, 466 U.S. 668, 687 (1984).

¶ 8 "To prove prejudice, a defendant must show that there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different." *Thompson*, ¶ 51. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Dunlap*, 173 P.3d at 1063 (quoting *Strickland*, 466 U.S. at 694). The failure to establish either deficient performance or prejudice defeats a claim for ineffective assistance. *Thompson*, ¶ 50 (citing *People in Interest of S.L.*, 2017 COA 160, ¶ 60).

### III. Conflict of Interest

#### A. Applicable Facts

¶ 9 During the pendency of Moreno's case, Moreno's trial counsel represented another client in an unrelated case involving a

homicide.[2]  The homicide trial took place during the two weeks immediately preceding Moreno's trial.

¶ 10     At the start of his trial, Moreno moved to dismiss trial counsel due to a conflict of interest.  He claimed he had lost faith in trial counsel and that she had failed to fully inform him about proceedings or communicate with him effectively.  The trial court conducted an inquiry and denied Moreno's motion.  The court found that trial counsel had communicated with Moreno and that her back-to-back trials didn't create a conflict of interest.

¶ 11     In his postconviction motion, Moreno argued that (1) trial counsel had a conflict because of her trial schedule; (2) this conflict prejudiced him because she "neglected [him] for another client," causing her to overlook relevant information; and (3) the trial court erroneously "forced" him to remain with trial counsel instead of granting him new counsel or permitting him to represent himself. The postconviction court concluded that there was no prejudicial conflict of interest because Moreno hadn't shown, beyond

---

[2] Moreno had two appointed attorneys representing him at trial, but our discussion refers only to lead trial counsel because Moreno's allegations only pertain to her.

5

conclusory allegations, that trial counsel's schedule adversely affected her representation of him. The court also concluded that Moreno waived his ability to challenge the trial court's finding that there was no conflict by proceeding with the trial and not challenging that finding on appeal.

### B. Applicable Law

¶ 12    "The right to effective assistance of counsel includes the right to conflict-free representation." *People v. Villanueva*, 2016 COA 70, ¶ 30. A defendant who alleges that a conflict of interest deprived him of effective assistance of counsel must show that (1) counsel had a conflict of interest, and (2) the conflict adversely affected the representation. *Cuyler v. Sullivan*, 446 U.S. 335, 348 (1980).

¶ 13    "A conflict of interest exists when an attorney's ability to represent a client is materially limited by the attorney's responsibility to another client or to a third person." *People v. Garner*, 2015 COA 174, ¶ 53; *see* Colo. RPC 1.7. The conflict must be "more than a theoretical conflict." *Garner*, ¶ 55 (citation omitted). Rather, it must have "affected counsel's performance," *Villanueva*, ¶ 32 n.1 (quoting *Mickens v. Taylor*, 535 U.S. 162, 171, (2002)), or impacted "the attorney's ability to advocate effectively,"

*Garner*, ¶ 55 (quoting *United States v. Rodrigues*, 347 F.3d 818, 824 (9th Cir. 2003)).

¶ 14    If a defendant makes a showing of a conflict of interest that adversely affected the representation, then "prejudice is presumed and nothing more is required for relief" on the defendant's ineffective assistance of counsel claim.  *Villanueva,* ¶ 30.

### C.    Analysis

¶ 15    Moreno asserts that the postconviction court erred by denying his claim of ineffective assistance due to a conflict of interest.  We disagree.

¶ 16    Moreno largely repeats the arguments he made in the postconviction motion: Trial counsel had a conflict because she had a two-week trial immediately before his, which reduced the amount of time and attention she gave to Moreno's case.  This, in turn, caused trial counsel to overlook the possible defenses that (1) the box truck was stolen and impounded "weeks before" Moreno allegedly committed the crime, and (2) someone else could have been driving the van because Hobbs had access to it.

¶ 17    We agree with the postconviction court that Moreno didn't demonstrate a conflict, though for slightly different reasons.  *See*

*People v. Dyer*, 2019 COA 161, ¶ 39 ("[A]n appellate court may affirm a [trial] court's decision on any ground supported by the record . . . ."). The homicide trial was unconnected to Moreno's case, and Moreno doesn't allege that trial counsel's homicide client had any connection to his case. *Cf. Garner*, ¶ 61 (holding that there was no conflict when trial counsel represented potential defense witness in a separate, earlier matter because there was no "link" between the two cases). Furthermore, Moreno doesn't cite, and we haven't found, any authority to support the notion that a "material limitation" arises merely from an attorney's busy trial schedule. We therefore conclude that Moreno's allegations, even if true, didn't amount to a conflict. *See Phipps*, ¶ 19.

¶ 18 To the extent that Moreno challenges the *trial court's* rulings or actions related to his conflict of interest argument, his claim is successive because he could have raised it on direct appeal. *See* Crim. P. 35(c)(3)(VI)-(VII); *Rodriguez*, 914 P.2d at 249 ("Rule 35 proceedings are intended to prevent injustices after conviction and sentencing, not to provide perpetual review."). And to the extent Moreno alleges that his appellate counsel was ineffective for failing to raise the conflict issue on direct appeal, we decline to address his

argument because he raises it for the first time in his reply brief. *See People v. Boles*, 280 P.3d 55, 61 n.4 (Colo. App. 2011) (holding that we do not consider arguments raised for the first time in a reply brief).

IV. Ineffective Assistance: Failure to Investigate and Interview

¶ 19 "A defendant is entitled to pretrial investigation sufficient to reveal potential defenses and facts relevant to guilt or penalty." *People v. Pendleton*, 2015 COA 154, ¶ 33. "To show prejudice, [a] defendant ha[s] to show a reasonable probability that the result of the trial would have been different had [trial] counsel investigated . . . and introduced related evidence at trial." *People v. Sharp*, 2019 COA 133, ¶ 15.

¶ 20 Moreno contends that the postconviction court erred by denying his claim that trial counsel was ineffective because she failed to investigate the box truck or interview Hobbs. According to Moreno, an investigation would have revealed that the box truck had been stolen some weeks before the crime, which demonstrated that the truck was easy to steal. And if trial counsel had interviewed Hobbs, she would have discovered that Hobbs had access to the truck. As best we understand him, Moreno contends

that if trial counsel had known these facts, she would have pursued an alternate suspect defense that would have been successful. We are unpersuaded.

¶ 21 Even assuming — without deciding — that trial counsel's alleged failure to investigate and interview Hobbs constituted deficient performance, we don't perceive any prejudice. *See People v. Chambers*, 900 P.2d 1249, 1252 (Colo. App. 1994) (failing to investigate is not prejudicial unless "substantial evidence which, if introduced, might reasonably have led to a different result"). The crucial issue at trial was the identification of the person who broke into the home and shot and threatened the Sandovals in the alley. Moreno's ownership of the box truck wasn't the only evidence linking him to the crime. To the contrary, the prosecution presented the following additional — and overwhelming — evidence of Moreno's guilt:

- Ms. Sandoval identified Moreno as the shooter in a photo array the day after the incident;

- Mr. and Ms. Sandoval each identified Moreno in court as the shooter;

- Ms. Sandoval testified that Moreno had carried and fired a sawed-off shotgun that had a knife duct-taped to its end; and

- Hobbs testified that Moreno owned a gun matching that description.

¶ 22  Furthermore, as the postconviction court noted, the record reveals that trial counsel elicited testimony from Hobbs that she would occasionally drive the truck, demonstrating that she had access to it.  Counsel also argued during closing that (1) other people had access to the truck; (2) all witnesses saw a Black man — not Moreno — driving the truck on the day the crimes occurred; and (3) reasonable doubt that Moreno committed the crime existed because someone else could have driven Moreno's truck on that day.

¶ 23  In sum, the jury convicted Moreno despite hearing evidence that other people, including Hobbs, had access to the truck.  And given the strength of the evidence against Moreno and trial counsel's robust identity defense, we agree with the People that there is no reasonable possibility that the jury would have acquitted Moreno if they had known that the box truck had been stolen a few

weeks before the crimes. *See People v. Tackett*, 742 P.2d 957, 960 (Colo. App. 1987) (counsel's alleged failure to present "inconsequential" evidence did not establish prejudice).

## V.  Ineffective Assistance: Sentence

¶ 24  Next, Moreno argues that (1) trial counsel failed to inform him of his ineligibility for "earned time as a reduction to his sentence" and (2) the "entertainment of . . . plea arrangements could have been made if [he] had known the full extent and maximum amount of punishment that could be given." We won't address this claim because Moreno didn't raise it in his motion. *See People v. Cali*, 2020 CO 20, ¶¶ 34-36 (declining to consider issues not raised before the postconviction court in a motion for postconviction relief).

## VI.  Cumulative Error

¶ 25  Lastly, Moreno's contends that trial counsel's cumulative errors amounted to ineffective assistance. The cumulative error doctrine generally applies only to *trial* errors. *See People v. Rivas*, 77 P.3d 882, 893 (Colo. App. 2003) ("The cumulative error doctrine applies only if the *trial court* committed numerous errors . . . ." (emphasis added)). Moreno cites no authority, and we are aware of

none, that has applied the cumulative error doctrine to a claim of ineffective assistance of counsel.

¶ 26 Assuming the doctrine is applicable to such a claim, Moreno has not demonstrated any entitlement to relief. "For reversal to occur based on cumulative error, a reviewing court must identify multiple errors that collectively prejudice the substantial rights of the defendant, even if any single error does not." *Howard-Walker v. People*, 2019 CO 69, ¶ 25. The two assumed errors (failure to investigate the box truck and failure to interview Hobbs) aren't prejudicial, either separately or together, for the reasons identified above.

## VII. Disposition

¶ 27 The order is affirmed.

JUDGE TOW and JUDGE MOULTRIE concur.