2012 CO 64

**Henrietta VILLARREAL, Petitioner**

v.

**The PEOPLE of the State of Colorado, Respondent.**

**No. 09SC846.**

Supreme Court of Colorado,
En Banc.

Nov. 5, 2012.

Nora V. Kelly, P.C., Nora V. Kelly, Denver, Colorado, Attorneys for Petitioner.

John W. Suthers, Attorney General, Deborah Isenberg Pratt, Assistant Attorney General, Denver, Colorado, Attorneys for Respondent.

Justice RICE delivered the Opinion of the Court.

¶ 1 We granted certiorari in this case, along with *Hagos v. People*, 2012 CO 63, 288 P.3d 116, to address whether a determination on direct appeal that instructional error did not constitute plain error necessarily requires a determination in postconviction proceedings that trial counsel's failure to object to the erroneous instruction did not prejudice the defense.[1]

---

1. Specifically, we granted certiorari on the following issue:
   Whether the court of appeals erred when it held that a finding of no plain error in Petition-

er's earlier appeal regarding defective or missing jury instructions, necessarily required a finding of no ineffective assistance of counsel regarding a failure to object to or request the

¶ 2 For the reasons discussed in *Hagos*, ¶¶ 16–24, we conclude that a determination that instructional error did not constitute plain error does not control a determination of prejudice under *Strickland v. Washington*, 466 U.S. 668, 684–86, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), because the plain error and *Strickland* standards are not the same. The plain error standard requires that an error impair the reliability of the judgment of conviction to a greater degree than the *Strickland* prejudice standard. Villarreal's ineffective assistance of counsel claim, nonetheless, fails under the separate, fact-specific *Strickland* analysis. Thus, we affirm the court of appeals' judgment, albeit on different grounds.

## I. Facts and Procedural History

¶ 3 Henrietta Villarreal broke into the apartment of another woman and struck her, bit off a chunk of her ear, and stabbed her repeatedly. After being convicted of attempted first degree murder and first degree assault, among other charges, Villarreal appealed. She asserted, among other contentions on direct appeal, that the trial court had committed plain error by incorrectly instructing the jury on attempted first degree murder and first degree assault. *People v. Villarreal*, 131 P.3d 1119, 1124 (Colo.App. 2005) (*Villarreal I*). The court of appeals determined that any error did not constitute plain error and therefore affirmed.

¶ 4 Villarreal filed a Crim. P. 35(c) postconviction motion asserting ineffective assistance of counsel because her counsel failed to object to these instructions. After a hearing on the matter, the trial court determined that the erroneous instructions did not prejudice the defense. It therefore denied the motion.

¶ 5 Villarreal appealed and the court of appeals affirmed. *People v. Villarreal*, 231 P.3d 29, 36 (Colo.App.2009) (*Villarreal II*). The court of appeals held that the prejudice component of a plain error analysis is essentially identical to the prejudice component of an ineffective assistance of counsel analysis under *Strickland*. *Villarreal II*, 231 P.3d at 34. It therefore held that Villarreal's claim

failed as a matter of law because it was defeated by the determination on direct appeal under plain error analysis that no prejudice occurred. *Id.* The court of appeals also reasoned that Villarreal's postconviction claims were derivative of her claims on direct appeal because they alleged the same instructional errors recast under the constitutional theory of ineffective assistance of counsel. *Id.* at 33.

## II. Application

¶ 6 In this case, the trial court conducted a full evidentiary hearing on Villarreal's claim of ineffective assistance of counsel. The trial court found that Villarreal failed to establish either prong of the *Strickland* test. We agree.

¶ 7 The record amply supports the trial court's determination that counsel's representation was not deficient nor was Villarreal prejudiced in any way. Therefore, Villarreal's claim for post-conviction relief fails. Because the trial court properly conducted a separate factual analysis under the *Strickland* standard, we affirm the court of appeals' denial of Villarreal's request for post-trial relief, albeit on different grounds.

## III. Conclusion

¶ 8 For the reasons stated in *Hagos*, ¶¶ 16–24, we conclude that a determination that instructional error did not constitute plain error does not control a determination of prejudice under *Strickland*, because the plain error and *Strickland* standards are not the same. The plain error standard requires that an error impair the reliability of the judgment of conviction to a greater degree than the *Strickland* prejudice standard. We also necessarily conclude that Villarreal's postconviction claims do not merely reassert precisely the same contentions of error as her direct appeal because review under each standard is conducted differently.

¶ 9 Nonetheless, the trial court conducted a separate *Strickland* analysis and determined that counsel's representation was not deficient nor was Villarreal prejudiced in any

same jury instructions in Petitioner's later Crim. P. 35(c) motion, thus affirming the trial

court's order denying the Crim. P. 35(c) motion.

way. The record supports these findings. Therefore, we affirm the judgment of the court of appeals.

Justice EID concurs in the judgment, and Justice COATS joins in the concurrence.

Justice EID, concurring in the judgment.

¶ 10 For reasons stated in my concurrence in the judgment in *Hagos v. People*, No. 10SC424, 2012 CO 64, 2010 WL 4215425, I concur in the judgment in this case as well.

I am authorized to state Justice COATS joins in this concurrence.