19CA1043 Peo v Najera 11-24-2021 COLORADO COURT OF APPEALS Court of Appeals No. 19CA1043 Jefferson County District Court No. 15CR2261 Honorable Tamara S. Russell, Judge The People of the State of Colorado, Plaintiff-Appellee, v. Onesia Ann Najera, Defendant-Appellant. ORDER AFFIRMED Division VII Opinion by JUDGE GROVE Navarro and Pawar, JJ., concur NOT PUBLISHED PURSUANT TO C.A.R. 35(e) Announced November 24, 2021 Philip J. Weiser, Attorney General, Patrick A. Withers, Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee Onesia Ann Najera, Pro Se 
1 ¶ 1 Defendant, Onesia Ann Najera, appeals the postconviction court’s order denying her Crim. P. 35(c) motion. We affirm. I. Background ¶ 2 In 2015, Najera was charged with two counts of child abuse resulting in death after her disabled grandchild, who was in her care, drowned in a bathtub. As part of a plea agreement with the prosecution, she pleaded guilty to an added count of child abuse resulting in death pursuant to section 18-6-401(1)(a), (7)(a)(II), C.R.S. 2021. The original counts were dismissed. ¶ 3 The presumptive sentencing range for Najera’s conviction was four to sixteen years, but as part of the plea agreement she stipulated to an aggravated range sentence with a twenty-year sentencing cap. The trial court sentenced her to a term of twenty years in the custody of the Department of Corrections. ¶ 4 Najera did not directly appeal her conviction, but she subsequently filed the timely Crim. P. 35(c) motion that is the subject of this appeal. The postconviction court denied the motion in a written order without appointing counsel, serving the motion on the prosecuting attorney, or holding a hearing. See Crim. P. 35(c)(3). 
2 II. Analysis ¶ 5 Najera’s opening brief identifies seven issues for our review. As we discuss further below, we decline to consider one of them (Issue 6) because Najera did not raise it in her postconviction motion. We group Najera’s remaining arguments into four main categories: (1) arguments related to whether the trial judge should have recused herself (Issue 1); (2) arguments related to her sentence (Issues 2-4); (3) arguments related to the voluntariness of her plea (Issue 5); and (4) arguments related to defense counsel’s investigation (Issue 7). To the extent that Najera raises sub-issues, we address them as part of the main category where the argument appears in the opening brief. A. Standard of Review and Applicable Law ¶ 6 We review de novo a postconviction court’s summary denial of a postconviction motion. People v. Trujillo, 169 P.3d 235, 237 (Colo. App. 2007). ¶ 7 “In order to prevail on an ineffective assistance of counsel claim, a defendant must prove that 1) counsel’s performance was deficient and 2) the deficient performance prejudiced the defense.” Dunlap v. People, 173 P.3d 1054, 1062 (Colo. 2007) (citing 
3 Strickland v. Washington, 466 U.S. 668, 687 (1984)). “An ineffective assistance claim will not succeed if a defendant fails to prove either prong of the test.” People v. Villarreal, 231 P.3d 29, 33 (Colo. App. 2009), aff’d on other grounds, 2012 CO 64. ¶ 8 A defendant is entitled to an evidentiary hearing on her motion when she alleges facts that, if true, would entitle her to relief under Rule 35(c). White v. Denver Dist. Ct., 766 P.2d 632, 634-35 (Colo. 1988). But a district court may deny a Rule 35(c) motion without a hearing when the defendant’s allegations are bare and conclusory; when the allegations do not warrant postconviction relief, even if true; when the claims raise only an issue of law; or when the record directly refutes the defendant’s allegations. People v. Venzor, 121 P.3d 260, 262 (Colo. App. 2005). B. Unpreserved Claim ¶ 9 For the first time on appeal, Najera asserts that the prosecutor committed misconduct by “knowingly suppl[ying] false information onto an official document and that this document was signed an[d] accepted by the Court making it part of Ms Najera’s perman[en]t court record and that the Prosecution did this for the sole purpose of prejudicing the Defendant.” Najera concedes that she did not 
4 raise this issue in her postconviction motion, but states that she failed to do so because she “had not yet reviewed the Court record of her case.” ¶ 10 We will not consider for the first time on appeal issues that were not raised in the underlying Crim. P. 35(c) motion. People v. Huggins, 2019 COA 116, ¶ 17. Because Najera concedes she did not raise this claim in her postconviction motion, we do not consider it further. C. Recusal ¶ 11 Najera contends that she was entitled to postconviction relief because her attorney provided ineffective assistance by failing to move to disqualify the trial judge and, notwithstanding defense counsel’s failure to file such a motion, the trial judge did not recuse herself sua sponte. She alleged in her postconviction motion that the trial judge should have recused herself because the judge had presided over two previous criminal cases involving the victim and his mother (Najera’s daughter), and that defense counsel should have filed a motion to disqualify the judge after Najera informed counsel of this history. 
5 ¶ 12 The postconviction court, with the same judge sitting who had presided over the plea proceedings, ruled that it was unnecessary to hold a hearing on this claim for two reasons. First, the cases in question occurred seven and ten years before charges were filed in this case, and the judge had no memory of them, and second, what a judge learns in her judicial capacity is generally not sufficient grounds for disqualification. See, e.g., Smith v. Dist. Ct., 629 P.2d 1055, 1057 (Colo. 1981). The court thus concluded that Najera could not have been prejudiced by defense counsel’s failure to move for disqualification. ¶ 13 We agree with this ruling. Without more, the fact that the trial judge had presided over two cases involving criminal charges against the child’s mother several years earlier would not have established grounds for disqualification. Thus, as the postconviction court concluded, a motion to disqualify the trial judge on the grounds that Najera recites in her postconviction motion and on appeal would have been bound to fail. And because any such efforts would have been fruitless, Najera was not prejudiced by defense counsel’s decision not to pursue disqualification. 
6 D. Sentence ¶ 14 Najera raises three arguments related to her sentence. We address each in turn below. 1. Aggravation ¶ 15 First, Najera asserts that the trial court “abuse[d] its discretion when it applied unknown ‘caselaw’ against the defendant for the purpose of aggravating the defendant without having to put forth any facts or evidence on the record that would support a sentence in the aggravated range.” This appears to be an “illegal manner” claim. See People v. Bowerman, 258 P.3d 314, 316 (Colo. App. 2010) (holding that a sentence is imposed in an illegal manner if the court ignores essential procedural rights or statutory considerations when imposing the sentence). If so, it is time barred because it was not filed within 126 days of sentencing. See Crim. P. 35(a), (b)(1). ¶ 16 Even if it were not time barred, however, Najera’s argument would fail on the merits. The record demonstrates that she stipulated to the presence of aggravating circumstances as part of her written plea agreement and again on the record at the providency hearing. Notwithstanding the fact that the prosecutor did not have a precise citation to the relevant case law until the end 
7 of the hearing, Najera’s stipulation was sufficient to support her aggravated range sentence. See People v. Shepard, 98 P.3d 905, 906 (Colo. App. 2004). 2. Blakely Requirements ¶ 17 Next, Najera contends that her sentence is unconstitutional because the court did not put on the record the Blakely-compliant or Blakely-exempt facts that it used “for the purpose of imposing a sentence in the aggravated range.” See Blakely v. Washington, 542 U.S. 296 (2004). ¶ 18 If the trial court imposes a sentence in the aggravated range, it is generally required to state on the record the facts that support the aggravated range sentence. § 18-1.3-401(7), C.R.S. 2021. Under Blakely, aggravated sentencing under 18-1.3-401(6) may only be based on at least one of four kinds of facts, including facts admitted by the defendant. Lopez v. People, 113 P.3d 713, 719 (Colo. 2005) (discussing Blakely requirements). Here, as noted, Najera stipulated to the existence of aggravating facts. And “where . . . the defendant stipulates to a sentence in the aggravated range as part of a plea agreement, the defendant is also stipulating that sufficient facts exist to warrant an aggravated sentence, and the 
8 trial court need not make additional findings on the record.” Shepard, 98 P.3d at 906. 3. Advisement ¶ 19 Najera’s last sentence-related contention is that “she was not given [a] proper advisal by the Trial Court of her right to have a jury determine the aggravating fact(s) of her case, and Ms. Najera did not verbally waive that right before the court.” This claim is refuted by the record. In her “Petition to Enter Plea of Guilty,” Najera confirmed that she was stipulating to the existence of extraordinary aggravating circumstances and “agree[ing] to waive [her] right to have a jury make a determination of extraordinary aggravation.” Likewise, at the providency hearing, the trial court advised Najera that if she “decide[d] to take the plea agreement . . . then you’re waiving your right to trial.” And, discussing the stipulation, the court informed Najera that it meant that she was “agreeing to the existence of extraordinary aggravating circumstances, and . . . asking that the Court make a finding of extraordinary aggravating circumstances, and . . . waiving [her] right to have a jury make that determination.” Because Najera confirmed that she understood the 
9 rights that she was giving up in exchange for her plea agreement, she is not entitled to postconviction relief on this claim. E. Voluntary Plea ¶ 20 Najera contends that her attorneys were ineffective because they “allow[ed] the Prosecution to threaten the defendant with other unrelated charges if the defendant didn’t agree to stipulate to aggravation.” As we understand the argument, Najera alleges that after the prosecution backed away from an early, more lenient offer, she felt pressured into taking a less favorable plea bargain by the possibility of a more severe sentence at trial and a threat that the prosecutor would charge Najera’s daughter with offenses in an unrelated case. ¶ 21 Even if these allegations are true, they do not suggest deficient performance on the part of defense counsel. All defense counsel allegedly did was to communicate the conditions of the prosecution’s plea offer — conditions that only the prosecution could dictate — to Najera. By candidly relaying that information and counseling Najera as to pros and cons of accepting the plea offer, Najera’s attorneys performed exactly as they should have. 
10 ¶ 22 Moreover, Najera’s claim of coercion is refuted by the record. At the providency hearing, she denied that “anyone [had] tried to force [her] or coerce [her] to say guilty today,” stated that it was her “free and voluntary decision to plead guilty,” and said that she had chosen to do so because she wanted to “accept[] responsibility” for her actions, and not just avoid trial. Accordingly, because the voluntariness of her plea is established by the record, the postconviction court correctly declined to hold a hearing on this claim.
1 F. Investigation ¶ 23 Last, Najera contends that her attorneys were ineffective for failing to conduct an adequate investigation of the facts and circumstances surrounding the charged offense. ¶ 24 Criminal defendants are entitled to sufficiently thorough pretrial investigations “to develop potential defenses and uncover 1 To the extent that Najera argues on appeal that the trial court “altered Ms. Najera’s plea agreement after Ms. Najera signed it” and that the court improperly participated in the plea bargaining process, we decline to address these issues because Najera did not raise them in her postconviction motion. See People v. Huggins, 2019 COA 116, ¶ 17. 
11 facts relevant to guilt and punishment.” People v. Davis, 849 P.2d 857, 861 (Colo. App. 1992), aff’d, 871 P.2d 769 (Colo. 1994); see Davis, 871 P.2d at 773 (“[C]ounsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary.”). When reviewing a claim of ineffective assistance, the court must evaluate counsel’s alleged failure to investigate for reasonableness, “applying a heavy measure of deference to counsel’s judgments.” Strickland, 466 U.S. at 691. However, mere disagreement as to trial strategy, including what to investigate, will not support a claim of ineffective assistance. Davis, 849 P.2d at 861; People v. Apodaca, 998 P.2d 25, 29 (Colo. App. 1999). ¶ 25 “A defendant is entitled to pretrial investigation sufficient to reveal potential defenses and facts relevant to guilt or penalty.” People v. Pendleton, 2015 COA 154, ¶ 33. But mere speculation about what information a different investigative approach may have yielded is insufficient to establish ineffective assistance. Id. at ¶ 34. ¶ 26 We are not persuaded that Najera should have received a hearing based on her claim that defense counsel failed to conduct an adequate pretrial investigation “relative to Count One,” as she 
12 argues in her opening brief — not least because Count One was dismissed as part of her plea agreement. But even if we read Najera’s contentions more broadly, she is still not entitled to a hearing for at least two reasons. ¶ 27 First, as the postconviction court pointed out, although the claim of inadequate investigation in Najera’s postconviction motion focused largely on whether she had been intoxicated, the “factual basis Defendant admitted to for her plea did not in any way reference her sobriety or intoxication at the time of the incident.” Thus, the postconviction court concluded, the investigation along the lines of what Najera claims should have been done would not have resulted in exculpatory evidence for the charge of which she was eventually convicted. ¶ 28 Second, aside from making general representations in her opening brief that “[c]ounsel did not raise evidence that was material, trustworthy and available,” Najera does not specify what would have been revealed by additional investigation on her attorneys’ part. She did not identify any exculpatory evidence or point to evidence that would have been discovered had her attorneys conducted any more investigation. And while she did 
13 name some potential witnesses counsel could have interviewed, she did not specify what they would have said or how that would have impacted her decision to plead guilty. Therefore, she was not entitled to a hearing on this basis. See People v. Stovall, 2012 COA 7M, ¶ 29 (Speculative assertions are “insufficient to meet” a postconviction applicant’s “burden of alleging facts that would allow the postconviction court to find that he was prejudiced by counsel’s alleged failure to investigate.”). III. Conclusion ¶ 29 The order is affirmed. JUDGE NAVARRO and JUDGE PAWAR concur.