23CA1842 Peo v Drake 03-05-2026

COLORADO COURT OF APPEALS

Court of Appeals No. 23CA1842
El Paso County District Court No. 98CR1817
Honorable William B. Bain, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Adam Joseph Drake,

Defendant-Appellant.

ORDER AFFIRMED

Division VII
Opinion by JUDGE JOHNSON
Pawar and Gomez, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced March 5, 2026

Philip J. Weiser, Attorney General, Emmy A. Langley, Senior Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee

Nicole M. Mooney, Alternate Defense Counsel, Golden, Colorado, for Defendant-Appellant

¶ 1     Defendant, Adam Joseph Drake (Drake), appeals the district court's order summarily denying his Crim. P. 35(c) motion. We affirm.

## I.     Background

¶ 2     In 1998, Drake — who was seventeen years old at the time — and three of his friends planned to rob the victim. The group stayed the night at the victim's apartment where everyone drank and took drugs. The victim sexually assaulted Drake and one of Drake's friends. In the morning, the victim believed that the boys stole his wallet and refused to let them leave. Drake was able to find a way out of the apartment and waited in a car for over an hour to see if his friends would leave. When they did not, he returned to the apartment with a gun. Drake and the victim engaged in an altercation. Drake fired five shots, and the victim died.

¶ 3     Drake was convicted of first degree murder, conspiracy to commit aggravated robbery, two counts of aggravated motor vehicle theft, theft, tampering with a witness, and witness intimidation. His direct appeal filed in 1999 was dismissed due to his appellate counsel's failure to file an opening brief. *People v. Drake*, (Colo. App. No. 99CA2246, Nov. 30, 2000) (unpublished order). In 2001,

he filed his first Crim. P. 35(c) motion to reinstate his direct appeal on grounds that his appellate counsel was ineffective. The prosecution stipulated to reinstate his direct appeal. His judgment of conviction was affirmed in *People v. Drake*, (Colo. App. No. 01CA1877, Dec. 4, 2003) (not published pursuant to C.A.R. 35(f)) (*Drake I*).

¶ 4     In 2011, Drake filed his second Rule 35(c) motion, which was denied as successive by the postconviction court, but reversed by a division of this court in *People v. Drake*, (Colo. App. No. 11CA1246, June 20, 2013) (not published pursuant to C.A.R. 35(f)) (*Drake II*). *Drake II* reasoned that Drake's challenges to his first degree murder conviction were not successive because his first postconviction motion was a "special circumstance" in which he sought to reinstate his direct appeal. *Id.* at 5-6. *Drake II* also concluded that, if Drake's first degree murder conviction was upheld, the court must resentence him to life with the possibility of parole, as he committed the offenses when he was a juvenile. *Id.* at 8-9.

¶ 5     As a result, Drake's second Rule 35(c) motion was remanded to the postconviction court, where, in 2017, he filed an amended motion. Drake alleged that his trial counsel was ineffective for not

(1) seeking to suppress his confession he made to police; (2) having him accept the plea bargain offered to him by the prosecution; (3) entering a guilty plea by reason of insanity; (4) investigating the case before trial, specifically, for not retaining an expert to testify about the characteristics of a juvenile brain that has suffered from post-traumatic stress disorder; (5) retaining a crime scene reconstructionist; (6) listening to a recording and interviewing beforehand a witness, C.P.; and (7) filing a motion in limine to prevent a witness from testifying about the teenage group's plan to murder one of the boy's fathers.  Drake also contended that his trial counsel was ineffective because (8) trial counsel divulged the location of a defense witness who gave damaging testimony; (9) trial counsel's cumulative ineffectiveness required reversal; and (10) trial counsel allowed the prosecutor to engage in misconduct.[1]

¶ 6    After the postconviction court held a weeklong evidentiary hearing in May 2018, it issued a detailed order denying the motion. But it resentenced Drake as instructed by *Drake II*.  The

---

[1] Drake raised additional claims in his 2011 and 2017 motions, but he did not appear to pursue them at the hearing or on appeal, and, therefore, they are deemed abandoned.  *See People v. Garner*, 2015 COA 174, ¶ 12 n.2.

postconviction court's denial of his second Rule 35(c) motion was affirmed in *People v. Drake*, (Colo. App. No. 18CA2290, Oct. 20, 2022) (not published pursuant to C.A.R. 35(e)) (*Drake III*). Relevant to this appeal, *Drake III* determined that, while there were instructional errors in some of the jury instructions, Drake did not raise his claim that trial counsel was ineffective by failing to object. As a result, *Drake III* declined to address the argument. *Id.* at ¶¶ 37, 42-48.

¶ 7    In 2023, Drake filed his third Rule 35(c) motion, which was summarily denied by the postconviction court, giving rise to this appeal. Drake argued that (1) previous postconviction counsel was ineffective for failing to raise that the *district court* provided erroneous jury instructions on self-defense and defense of others, or, alternatively; (2) previous postconviction counsel was ineffective for failing to raise *trial counsel's* ineffectiveness for failing to object to the same erroneous jury instructions. In denying his motion, the postconviction court applied Crim. P. 35(c)(3)(VII)'s procedural bar to his claim that his previous postconviction counsel was ineffective for failing to challenge the *district court's* error with respect to the jury instructions. But the postconviction court decided on the

4

merits that previous postconviction counsel was not ineffective for failing to raise *trial counsel's* ineffectiveness for not objecting to the same jury instruction errors.

¶ 8　　On appeal, Drake contends that the postconviction court erred by (1) applying Rule 35(c)'s procedural bar to previous postconviction counsel's ineffectiveness to challenge the district court's error on the jury instructions and (2) summarily denying his claim that previous postconviction counsel was ineffective for failing to challenge trial counsel's ineffectiveness involving the jury instructions.

## II.　　Standard of Review and Applicable Law

¶ 9　　We review de novo a district court's denial of a Rule 35(c) motion without a hearing. *People v. Davis*, 2012 COA 14, ¶ 6. A district court also has the discretion to deny a Rule 35(c) motion without a hearing if "the motion, files, and record in the case clearly establish that the allegations presented in the defendant's motion are without merit and do not warrant postconviction relief." *Ardolino v. People*, 69 P.3d 73, 77 (Colo. 2003).

## III.  Analysis

### A.  Procedural Bar Involving the District Court's Erroneous Jury Instructions

¶ 10    Rule 35(c)(3)(VII) states that the court "*shall deny* any claim that could have been presented in an appeal previously brought." (Emphasis added.)  But Drake argues that, because this provision was added to Rule 35(c) in 2004 and because his direct appeal was filed in 1999, reinstated in 2001, and decided in 2003 before the procedural bar was enacted, he could not have known he needed to comply with this provision by raising in that appeal any challenge to the district court's error with respect to the jury instructions.  In other words, he argues that because his direct appeal took place *before* the enactment of Rule 35(c)(3)(VII), he is not subject to the procedural bar.  The Attorney General disagrees, citing *Dunlap v. People*, 173 P.3d 1054, 1062 n.4 (Colo. 2007), for the proposition that the date a defendant's postconviction motion is filed controls as to whether Rule 35(c)(3)(VII) applies, not the date the direct appeal was filed.

¶ 11    We need not definitively decide this issue because, even if we do not apply the procedural bar, Drake's claim fails.  Because

Drake did not object at trial to the jury instructions, previous postconviction counsel would have had to establish that any error committed by the court was plain. *See People v. Versteeg*, 165 P.3d 760, 764 (Colo. App. 2006), *overruled on other grounds by, People v. Crabtree*, 2024 CO 40M; *see also People v. Dyer*, 2019 COA 161, ¶ 39 (an appellate court may affirm a district court order on any grounds supported in the record).

¶ 12 Plain error is an error that "is obvious and substantial." *Hagos v. People*, 2012 CO 63, ¶ 14. A substantial error is one that "so undermines the fundamental fairness of the trial itself as to cast serious doubt on the reliability of the judgment of conviction." *People v. Perez*, 2024 COA 94, ¶ 26 (quoting *Cardman v. People*, 2019 CO 73, ¶ 19). An erroneous jury instruction generally does not constitute plain error when "the record contains overwhelming evidence of the defendant's guilt." *People v. Ramcharan*, 2024 COA 110, ¶ 67 (quoting *Thompson v. People,* 2020 CO 72, ¶ 54).

¶ 13 On appeal, Drake contends that previous postconviction counsel was ineffective for failing to challenge the district court's erroneous jury instructions contained in Instruction Nos. 15, 16,

17, 18, 19, 20, and 21. We first address the instructions that do not contain any misstatements of law.

¶ 14 The district court concluded, and we agree, that Instruction No. 15 largely tracked the applicable statute involving affirmative defenses in effect at the time of Drake's trial. *See* § 18-1-407(2), C.R.S. 1999 ("[A]n affirmative defense is raised, then the guilt of the defendant must be established beyond a reasonable doubt as to that issue as well as all other elements of the offense."). Because the jury was instructed that the prosecution had the burden to prove both the elements of the offense and the affirmative defense, we discern no plain error.

¶ 15 As to Drake's contention that the district court erred because Instruction Nos. 17-20 incorrectly referred to "the defendant" when they should have referred to the victim committing the predicate offenses, we also agree with the postconviction court that any confusion was remedied by Instruction No. 16. That instruction advised the jury to consider whether "it reasonably appeared that [the victim] was about to commit" the crimes listed in Instruction Nos. 17-20. *See People v. Procasky*, 2019 COA 181, ¶ 10 ("[A] court's failure to properly instruct the jury 'does not constitute

plain error if the relevant instruction, read in conjunction with other instructions, adequately informs the jury of the law.'" (quoting *People v. Miller*, 113 P.3d 743, 750 (Colo. 2005))).

¶ 16     As to Instruction No. 20, Drake contends that one of the ways in which second degree sexual assault could have been committed was not included in the instruction.  That instruction read:

> The elements of the crime of second degree sexual assault are:
>
> 1.    That the defendant,
>
> 2.    in the state of Colorado, at or about the date and place charged,
>
> 3.    knowingly inflicted sexual penetration or sexual intrusion on a person, and
>
> 4.    caused submission of that person, and
>
> 5.    by any means of sufficient consequence reasonably calculated to cause submission against the victim's will.

Instruction No. 16 indicated that an affirmative defense to first degree murder existed if Drake "reasonably believed that" the victim was "about to commit second degree assault, first degree kidnapping, or second degree kidnapping, or second degree sexual assault."  Drake contends that because the victim sexually assaulted his friend while the friend was passed out, the jury

9

instruction should also have included language informing the jury that the fifth element could also have been satisfied if "the actor kn[ew] that the victim [wa]s incapable of apprising the nature of the victim's conduct."

¶ 17     But we agree with the postconviction court that, even if this language was added to Instruction No. 20, "there was ample evidence presented that the victim committed second degree sexual assault on [Drake] and his friends based on the elements that were presented in instruction #20."  And Drake does not point to any evidence upon which the jury could have determined that the victim was "about to" commit sexual assault on Drake or his friend *while they were passed out* when Drake returned to the apartment and confronted the victim before shooting him.  Therefore, we conclude there is no plain error.

¶ 18     As to Instruction No. 21 (initial aggressor), *Drake III* determined that "if the jury did not agree that the victim was about to commit (or was committing) a kidnapping or other predicate crime, then Drake was the initial aggressor because he initiated the physical conflict by brandishing the rifle, thereby threatening the imminent use of unlawful force."  *Drake III*, ¶ 41.  Drake has

provided no compelling reason for us to depart from the holding in *Drake III* that the court giving the initial aggressor instruction was not error, and, thus, we discern no plain error. *See DePineda v. Price*, 915 P.2d 1278, 1281 (Colo. 1996); Crim. P. 35(c)(3)(VI).

¶ 19    We now turn to the jury instructions that, based on *Drake III*, contained elemental errors; these included Instruction No. 16 (self-defense and defense of others), Instruction No. 18 (first degree kidnapping), and Instruction No. 19 (second degree kidnapping). *Drake III*, ¶¶ 45, 51.  On appeal, the Attorney General does not dispute *Drake III*'s conclusions that these jury instructions contained elemental errors.  Assuming the erroneous language in the three instructions was obvious, Drake's claims nonetheless fail because the district court's error does not "cast serious doubt on the reliability of the judgment of conviction." *Perez*, ¶ 26 (quoting *Cardman*, ¶ 19).  While Drake put forth evidence to support a defense of defense of self and others, the postconviction court has twice held that the evidence, including Drake's own confession, was "devastating."  Such evidence includes:

- Drake waited outside in the car for over an hour before going back inside the apartment to kill the victim.

11

- Drake confessed that he killed the victim; fired a final shot into the back of the victim's head to make sure the victim was dead; did not know what was going on inside the apartment but intended to kill the victim regardless; and had to kill the victim and would not have loaded the gun if he did not intend to kill him.

- Testimony from Drake's friends provided that they all could have left the apartment if they had wanted; the apartment doors were not locked; they were all in and out of the apartment that morning and the victim never physically stopped them from leaving; there were minutes between when Drake shot the victim the fourth time and when he fired the fifth shot killing the victim; and the victim was not moving or yelling when Drake fired the final shot killing the victim.

¶ 20  Therefore, even assuming Drake's claim is not barred by Rule 35(c)(3)(VII), we conclude that previous postconviction counsel was not ineffective for failing to raise the claim that the district court committed error in giving the challenged jury instructions because his claim does not constitute plain error.

¶ 21    Thus, the postconviction court did not err by summarily denying Drake's third Rule 35(c) motion on this claim.

### B.    Trial Counsel's Ineffectiveness

¶ 22    Drake next contends that the postconviction court erroneously denied his claim that previous postconviction counsel was ineffective for failing to challenge trial counsel's ineffectiveness in failing to object to the jury instruction errors.  We disagree.

¶ 23    To prevail on an ineffective assistance of counsel claim, the defendant must establish that (1) counsel's performance was deficient, meaning it fell below an objective standard of reasonableness; and (2) counsel's deficient performance prejudiced the defendant, meaning there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different.  *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984).  A court may reject an ineffective assistance of counsel claim if the defendant fails to demonstrate either deficient performance or prejudice.  *People v. Aguilar*, 2012 COA 181, ¶ 9.  In the context of a claim that postconviction counsel is ineffective, a defendant's claim fails if he cannot prove that his appellate claims

would have been meritorious. *People v. Valdez*, 789 P.2d 406, 409-10 (Colo. 1990).

¶ 24 The postconviction court concluded that because there were elemental errors in Instruction Nos. 16, 18, and 19 — consistent with *Drake III*'s determination — and trial counsel did not object at trial, "[previous] postconviction counsel was arguably ineffective for failing to argue that trial counsel was ineffective for failing to object to these erroneous instructions." But the postconviction court reasoned that, "[e]ven if [Drake] had satisfied the first prong of the *Strickland* test" regarding Instruction Nos. 16, 18, and 19, he could not prove the prejudice prong based on the same "devastating" evidence that we have already discussed above. In addition, the postconviction court pointed to Drake's own attorney expert, who "acknowledged that the evidence against [Drake] was so strong that he should have taken a plea to a possible 48-year prison sentence rather than proceeding to trial."

¶ 25 The prejudice standard under *Strickland* is an easier bar for a defendant to satisfy compared to plain error. *Villarreal v. People*, 2012 CO 64, ¶ 2 ("The plain error standard requires that an error impair the reliability of the judgment of conviction to a greater

degree than the *Strickland* prejudice standard."). Still, given Drake's confession and the testimony of his friends, we agree with the postconviction court that there is no reasonable possibility that the outcome of the proceeding would have been different. *See Strickland*, 466 U.S. at 687-88.

¶ 26 Accordingly, we conclude that the postconviction court did not err by summarily denying Drake's third Rule 35(c) motion.

## IV. Conclusion

¶ 27 The district court's order is affirmed.

JUDGE PAWAR and JUDGE GOMEZ concur.